THE WILL-O-WAY DEVELOPMENT CO. *v.* MILLS.

(Decided May 6, 1929.)

*Messrs. Thorman & Goldman,* for plaintiff in error.

*Mr. Frank Morton,* for defendant in error.

SULLIVAN, J. This cause is here on error proceedings from the municipal court of the city of Cleveland, wherein the action was to recover a balance, to wit, $822.96, with interest, due on a written contract for the sale of land. The plaintiff in error, the Will-O-Way Development Company, on the 16th day of October, 1926, was the owner of the property,

and this is the date of the execution of the contract with the defendant in error, Violet Mills. The original sum was $1,100, and the defendant in error had already paid, prior to the commencement of the present action, $393.84, leaving due and payable on the contract the sum of $822.96. The suit is an action at law to recover the amount due by reason of the stipulations of the contract with respect to the payments, and it is urged that, notwithstanding the clause of the contract, the plaintiff had a right, among various remedies, to begin suit for the recovery of the money in a suit at law, instead of on the purchaser's default, plaintiff electing to rescind the contract and recover the real estate, or electing not to rescind and to recover the purchase price.

It is well enough to insert herein the salient clauses of the contract, which are:

"And second party does hereby agree to pay to the first party, its successors or assigns, for the land aforesaid, the sum of $1,100.00, payable as follows: $110.00 cash in hand, and the balance of $990.00 payable in forty equal consecutive monthly installments of $11.00 each, with interest at the rate of six per cent. per annum, computed quarterly, the entire remaining balance due and payable 40 months after date hereof, payments commencing on the 25th day of November, 1926, and monthly thereafter until paid, at such place as may be designated from time to time by the party of the first part. All payments to apply first on the interest and second on the principal. It is understood and agreed, however, that second party shall have the privilege of increasing any monthly payment or prepaying the whole consideration at any time.

"Second party covenants to pay to first party the sums of money above mentioned on the days specified, with interest as specified if paid when due, but all overdue payments shall bear interest at the rate of 8% per annum. Second party further assumes and agrees to pay all taxes and assessments that may be levied or assessed upon said land for the first half of the year 1927, payable in December, 1927, and thereafter. * * *

"It is expressly agreed by and between the parties hereto that with respect to performance of all obligations herein imposed upon second party, time shall be of the essence of the contract, and that if any of said installments or the interest accrued thereon, or any taxes or assessments agreed to be paid by second party shall not be paid when due, then all of said installments remaining unpaid shall at once become due and payable at the option of first party, notice of the exercise of said option being expressly waived by second party."

It is contended by able counsel for the plaintiff in error that under the case of *Woloveck* v. *Schueler*, 19 Ohio App., 210, the company has a cause of action in the form of the statement of claim. It seems, however, that a demurrer was filed on the ground that the allegations were not sufficient to constitute a cause of action, and the demurrer was sustained, and this ruling of the lower court is here to be adjudged as a question of error.

It is conceded that there has been no tender of a deed conveying the title to the purchaser. We think this settles the vital question in the case, and is determinative of all others, because one of the fundamental propositions of the law is that, in case of con-

tracts, no matter what form the procedure takes, full performance must be alleged and proven. That is axiomatic. It is an anomaly in the law, even in a case of the form of the present case, to insist upon full performance of the terms of the contract on the part of the vendee and not on the part of the vendor. The suit was for the balance due upon the contract. It may or may not be collectible. If it is collectible, and the money is recovered, of course there should be a conveyance by deed, and a delivery thereof in order to insure title. The present status of the case leaves that question in the air undisposed of, and thus with no real security to the purchaser of the property against whom the judgment has been entered. The eventuality might be, under such circumstances, the retention of the ownership of the land by the vendor and also of the purchase price thereof, a thing which would be highly inequitable and legally impossible.

Hence it is our judgment that the court below was correct in its ruling in sustaining the demurrer, and it is for the reason herein noted that we affirm the judgment of the court below.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.

ON REHEARING.

VICKERY, P. J. This action was heard upon a granted application for a rehearing, and this brief opinion is a supplement and addition to the very clear opinion of Judge Sullivan affirming the judg-

ment of the common pleas court when the case was heard before.

We again hold that the demurrer to the petition was rightfully sustained in the court below, because the plaintiff company, instead of rescinding the contract or suing for damages, in which event it would not have had to make any tender, inasmuch as the refusal to go forward had been made by the other side, is standing upon its contract, and is suing to recover the balance of the purchase price, and therefore it is only entitled to the purchase price upon the giving or tendering of the deed conveying the property purchased.

Now, the defendant having repudiated her contract, the plaintiff had the right to elect either to declare a forfeiture, and proceed in that way, or to stand upon the contract and sue for the balance of the purchase price, and the latter was the remedy sought, and, if it wants the purchase price, it must tender or offer the thing that it was to give for this purchase price. It won't do to say that the equitable title would vest in the defendant, and that she could maintain an action to enforce the plaintiff to transfer it. That would be requiring the defendant to do an unusual thing.

The whole situation can be illustrated thus: These payments were to be made in installments, and there was an accelerating clause in the contract. The payments had all become due, and suppose the plaintiff, the owner of the property, had gone to the defendant and said: "Now, here all this money is due, $822. We want the money." Then the defendant would have the perfect right to say: "All right, I have the money right here. Give me the deed for

the property and I will give you the money.'' Surely there is nothing unreasonable about that. Then suppose plaintiff said, ''Oh, no, you will have an equitable interest in the property; we want your money,'' she would then be compelled to bring another action in order to get the property. Such is not the law. For all that any one may know, the plaintiff company no longer has this property. It may have sold it, and, if a judgment is rendered, it could look to other property of the defendant upon which it might levy execution, and then the defendant would be compelled to pay for the land when she did not get it and could not get it, because it had been sold.

We think the law is well settled that, where a person wishes to insist upon the performance of the contract, he must perform or tender performance of that which was to be done on his side of the contract. In this case the plaintiff company must tender a deed with a certificate of title, if the contract provides for that, to show that this land was still in the possession of the plaintiff company and that it had the right to transfer it. Under a land contract, the contractee has no record title, and this land may have been transferred. But a tendering of the deed and a full compliance on the part of the vendor of his part of the contract would show to the vendee, the defendant, that all she had to do was to pay the money and get the deed for the property; and, if a judgment were rendered under those circumstances, the defendant could pay the judgment and get the deed which should have been properly executed and filed with the files in the case; and the whole title would then be straightened up. This

could be no hardship upon the plaintiff, and could be easily performed if it still owned the property, and, if it did not own the property, it was not entitled to a judgment for the purchase money.

It is urged that the plaintiff did not have to do a vain thing by making a tender when the party on the other side had notified it of her refusal to go forward with the contract. That would be so, so far as the right to recover damages was concerned, but, as already pointed out, this is not that sort of an action. It is to get the purchase price, and therefore a tender is necessary, and is not a vain or useless thing. We think the defendant is entitled to have a tender made of the deed before she is called upon to pay the money, and we think that the petition, not stating this, does not state a cause of action.

Therefore the same ruling must be made now that was made when the case was here before; that is, the judgment of the court below will be affirmed.

*Judgment affirmed.*

SULLIVAN and LEVINE, JJ., concur.